**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

SAE INTERNATIONAL

      Plaintiff,

v.

INTERNATIONAL AEROSPACE
QUALITY GROUP A.I.S.B.L.,

      Defendant.

Civil Action No. 2:25-cv-00268

**PLAINTIFF SAE INTERNATIONAL'S MOTION FOR EXPEDITED DISCOVERY**

Plaintiff SAE International ("Plaintiff"), by and through its undersigned counsel, respectfully moves for an order setting an expedited schedule for discovery related to the claims and defenses associated with Plaintiff's Motion for Preliminary Injunction. In support of its motion, Plaintiff states as follows:

1.      Plaintiff initiated this action because Defendant, International Aerospace Quality Group A.I.S.B.L. ("Defendant"), breached contractual obligations and is imminently launching a competing IAQG Authentication program.

2.      Plaintiff and Defendant have a binding agreement granting Plaintiff a right of first refusal for any derivative works related to auditor authentication programs. Defendant is proceeding with the IAQG Authentication program without notifying Plaintiff or providing the right of first refusal, in violation of the agreement.

3.      Concurrently with its Verified Complaint, Plaintiff filed its Motion for Preliminary Injunction, wherein Plaintiff explained that it will suffer irreparable harm if Defendant proceeds with the launch. On February 25, 2025, the Court issued an order directing briefing on the Motion for Preliminary Injunction and indicated that a hearing may be scheduled by further order of the

Court if deemed helpful or necessary. *See* Order (ECF No. 9).

4.      Defendant's counsel entered their appearance in this matter on March 7, 2025, and Defendant's Response to the Motion for Preliminary Injunction is due on March 18, 2025. *See* ECF Nos. 17-18.

5.      To adequately prepare for any hearing on its Motion for Preliminary Injunction, as referenced in the Court's February 25, 2025 Order, Plaintiff seeks leave to conduct certain discovery on an expedited basis.

6.      In particular, Plaintiff requests that this Court permit Plaintiff to serve a deposition notice and the following written discovery requests immediately on Defendant:

- Plaintiff's First Set of Interrogatories Directed to Defendant (Exhibit A);

- Plaintiff's First Set of Production of Documents Directed to Defendant (Exhibit B);

- Plaintiff's First Set of Requests for Admission Directed to Defendant (Exhibit C);

- Plaintiff's Notice of Videotaped Deposition Directed to Corporate Designee of Defendant pursuant to Fed. R. Civ. P. 30(b)(6) (Exhibit D).

7.      The requested documents and information are reasonable in scope, not within Plaintiff's possession, directly relevant to the issues in Plaintiff's Complaint and Motion for Preliminary Injunction, and cannot be ascertained without discovery.

8.      Federal Rule of Civil Procedure 26 permits expedited discovery "when authorized by these rules, by stipulation or by court order." Fed. R. Civ. P. 26(d)(1).

9.      Courts in the Third Circuit have required the party seeking expedited discovery "to show 'good cause' for its motion, such that the request is 'reasonable' in light of the relevant circumstances." *Kone Corp. v. ThyssenKrupp USA, Inc.*, No. 11-465-LPS-CJB, 2011 U.S. Dist. LEXIS 109518, at *10 (D. Del. Sep. 26, 2011).

10.     Good cause may be found "when a party seeks a preliminary injunction, and when physical evidence may be consumed or destroyed with the passage of time, thus causing one or more parties to be disadvantaged." *Fonovisa, Inc. v. Does 1-9*, No. 07-1515, 2008 U.S. Dist. LEXIS 27170, at *33 n.22 (W.D. Pa. Apr. 3, 2008).

11.     Plaintiff's proposed discovery is narrowly tailored to address the issues that will be presented at the preliminary injunction hearing.

12.     Expedited discovery will facilitate an orderly and prompt presentation of evidence and testimony at any preliminary injunction hearing, conserving judicial resources and reducing expenses for the parties.

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a scheduling order allowing for expedited discovery in this matter.

Date: March 17, 2025

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Shawna J. Henry*
Kevin M. Eddy (Pa. I.D. No. 92904)
Shawna J. Henry (Pa. I.D. No. 316881)
Maya C. Bradley (Pa. I.D. No. 334251)
Union Trust Building
501 Grant Street, Suite 850
Pittsburgh, PA 15219
Phone: (412) 932-2800
Shawna.Henry@blankrome.com
Kevin.Eddy@blankrome.com
Maya.Bradley@BlankRome.com

*Attorneys for*
*Plaintiff SAE International*

## CERTIFICATE OF CONFERENCE

In accordance with Section II.C(1) of the Practices and Procedures of Judge W. Scott Hardy, I hereby certify that on March 16, 2025 I, counsel for Plaintiff SAE International, conferred with counsel for Defendant International Aerospace Quality Group A.I.S.B.L. regarding Plaintiff's Motion for Expedited Discovery. Defendant's counsel indicated that Defendant will oppose the relief requested in this motion and will file an opposition.

Date: March 17, 2025

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Shawna J. Henry*
Kevin M. Eddy (Pa. I.D. No. 92904)
Shawna J. Henry (Pa. I.D. No. 31688)
Maya C. Bradley (Pa. I.D. No. 334251)
Union Trust Building
501 Grant Street, Suite 850
Pittsburgh, PA 15219
Phone: (412) 932-2800
Shawna.Henry@blankrome.com
Kevin.Eddy@blankrome.com
Maya.Bradley@BlankRome.com

*Attorneys for*
*Plaintiff SAE International*

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2025, a true and correct copy of the foregoing Notice of

Appearance was served upon all counsel of record via the ECF filing system.


                                                    */s/ Shawna J. Henry*
                                                    *Counsel for Plaintiff*