# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAE INTERNATIONAL<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL AEROSPACE<br>QUALITY GROUP A.I.S.B.L.,<br><br>Defendant. | Civil Action No. 2:25-cv-00268 |

**PLAINTIFF'S EXPEDITED INTERROGATORIES DIRECTED TO DEFENDANT**

Plaintiff SAE International ("SAE"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 33, hereby requests that Defendant International Aerospace Quality Group A.I.S.B.L. ("IAQG") respond to the following Expedited Interrogatories fully, in writing, and within the time established by the Court pursuant to Plaintiff's Motion for Expedited Discovery.

**DEFINITIONS**

1.      "**Action**" means the above-captioned action, filed in the United States District Court for the Western District of Pennsylvania, entitled *SAE International v. International Aerospace Quality Group A.I.S.B.L.*, Civil Action No. 2:25-cv-00268.

2.      "**Agreement**" means the International Standards Development, License, and Publication Agreement between SAE and IAQG, dated May 12, 2022.

3.      "**Auditor Authentication Body**" or "**AAB**" means any organization recognized by IAQG to certify auditors in the aerospace industry.

4.      "**Communication**" or "**communication**" means any document constituting, evidencing, memorializing, recording, summarizing, or transcribing any transmission or exchange

of any information, whether written, oral, electronic, non-electronic, recorded, graphic, or in any other medium (whether formal or informal), and including but not limited to, e-mail, and any and all attachments thereto, text messages, social media, instant messaging, including but not limited to SMS, WhatsApp, iMessage, WeChat, Signal, Slack, Teams, Telegram, direct messages or postings via social media or similar communications.

5.     "**Document**" or "**document**" is used herein in the broadest possible sense under the Federal Rules of Civil Procedure, including but not limited to all originals, non-identical copies, and drafts of any written, printed, handwritten, recorded, or graphic matter of any kind, however produced or reproduced, and regardless of where located. This includes any work paper, worksheet, ledger, analysis, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording. The term "document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto, and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

6.     "**IAQG**" or "**Defendant**" or "**You**" or "**Your**" means International Aerospace Quality Group A.I.S.B.L., including its directors, officers, employees, agents, attorneys, legal representatives, heirs, assigns, or any person or entity acting on its behalf or serving in such

capacity. This also encompasses its parents, subsidiaries, affiliates, predecessors, successors, and others who may have obtained information on behalf of the Defendant.

7.    "**IAQG Authentication Program**" means any program being developed by IAQG to certify aerospace auditors, including all related components, standards, and documentation.

8.    "**Identify**," when used in reference to a natural person or legal entity, shall mean:

    a.    when applied to a natural person, to state the full name, present or last known home and business address, phone number, occupation, and job title of the person; and

    b.    when applied to a legal entity other than a natural person (such as a corporation, partnership, joint venture or group), to state the full name, present or last known principal place of business or its principal office; in the case of a corporation, set forth the state of its incorporation; and in the case of an entity other than a corporation, identify each and every person having an ownership interest therein.

9.    "**Notice Letter**" means the letter sent by SAE to IAQG on February 21, 2025.

10.    "**Person**" includes individuals, corporations, partnerships, joint ventures, limited liability companies, governmental authorities, unincorporated organizations, trusts, associations, or any other forms of public, private, or legal entities, encompassing all principals, employees, agents, officers, directors, attorneys, consultants, and other representatives.

11.    "**Possession**" and "**possession, custody or control**" includes documents actually within the possession, custody or control of the responding party and each consultant, agent, or representative of the responding party, including, without limitation, attorneys and accountants, and each other person acting for or in concert with the responding party, and including documents

prepared by, obtained, or placed in the possession, custody, or control of any such person within the scope of his/her duties or relationship to the responding party, or documents that the responding party has a right to copy or have access to, and documents having been placed in the temporary possession, custody, or control of any third party. The document is deemed to be in the responding party's possession, custody, or control if the responding party has the right to secure the document or a photocopy thereof from another person or entity, whether public or private, having actual physical possession, custody, or control thereof.

12.     "**Probitas Program**" means the Probitas Authentication Program, developed and operated by SAE to certify aerospace auditors, including all related components, standards, and documentation.

13.     "**Refer**," "**relate**," "**reflect**," and "**concerning**" (or forms thereof) shall mean directly or indirectly, in whole or in part, connected with, commenting on, relevant to, impinging or impacting on, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, or constituting.

14.     "**Relating to**" has a broad meaning that includes referring to, describing, evidencing, constituting, pertaining to, concerning, forming the basis of, or being involved in the subject matter discussed.

15.     "**SAE**" or "**Plaintiff**" means SAE International, including its directors, officers, employees, agents, attorneys, assigns, or any person or entity acting on its behalf or serving in such capacity. This also encompasses its parents, subsidiaries, affiliates, predecessors, and successors.

16.    "**Standards**" means the AS9100 suite of standards published by SAE, including, but not limited to, the AS9100, AS9101, AS9110, AS9120, AS9104/1, AS9104/2, and AS9104/3. These are often improperly referred to by IAQG without the "AS" prefix.

17.    The terms "**and**" and "**or**" are to be construed either conjunctively or disjunctively to include any and all combinations of one or more of the connected items.

18.    The terms "**each**," "**any**," and "**all**" are to be construed as comprehensively as possible, each encompassing the widest possible scope consistent with the context of the request.

19.    The use of the present tense of a verb shall include the past tense, and the use of the past tense shall include the present and future tenses, wherever the context may require.

20.    The use of the singular form shall be construed to include the plural of the same, and conversely, the use of the plural shall include the singular, wherever the context may require.

## INSTRUCTIONS

1.    Each Interrogatory is to be answered fully based on information in your possession, custody, or control of your representatives, agents, or attorneys.

2.    If you withhold any information covered by these Interrogatories by reason of a claim of privilege or confidentiality, furnish a list identifying: (a) the date of the Communication or Document; (b) the name of its author, authors or preparers, and an identification by employment and title of each person; (c) the name, employment and title of each person (i) to whom the Communication or Document was sent or furnished, or (ii) who viewed, received, or had custody of the Communication or Document; (d) a brief description of the Communication or Document sufficient to assess the validity of the claim of privilege; (e) the type of privilege being asserted; and (f) the Interrogatory to which the information relates.

-5-

3.     If you think that any word or any Interrogatory (in whole or in part) is ambiguous, you are instructed to set forth each meaning which you think is possible and answer the request according to each meaning.

4.     If you think that any word or any Interrogatory (in whole or in part) is vague, you are instructed to explain the vagueness and select any reasonable interpretation thereof and answer the Interrogatory according to your reasonable interpretation.

5.     These Interrogatories are continuing in nature. If you receive or otherwise become aware of information responsive to any Interrogatory after you have served your answers to these Interrogatories, you must promptly supplement your answers to these Interrogatories to provide such information.

## INTERROGATORIES

1.     Identify and describe all efforts you have taken to develop and prepare to launch the IAQG Authentication Program.

2.     Identify any third-party that IAQG has partnered or contracted with in connection with the IAQG Authentication Program and describe with specificity the terms of any partnership or agreement, including, but not limited to, the management of the Program, any revenue-sharing arrangement, and the division of responsibilities.

3.     Describe with specificity any and all efforts taken to partner with any third-party, including, but not limited to any party identified in your response to Interrogatory No. 1 relating to the IAQG Authentication Program.

4.     Identify any and all Communications you have had with any AAB or third party concerning the potential consolidation of AAB activity and/or the IAQG Authentication Program.

5.      Describe with specificity each intended job position within the IAQG Authentication Program and identify the individual(s) who are intended to take on that position upon the launch of the Program.

6.      Describe with specificity all efforts that You have taken to develop any auditor authentication body.

7.      Describe all efforts that You have taken to notify, collaborate with, or make any offers to SAE relating to the IAQG Authentication Program.

8.      Describe how the Standards are utilized in the IAQG Authentication Program.

9.      Describe all efforts that You have made towards consolidating the activities of the AABs into one program.

Dated: March 17, 2025                                    Respectfully submitted,

*/s/ Shawna J. Henry*
**BLANK ROME LLP**
Kevin M. Eddy (Pa. I.D. No. 92904)
Shawna J. Henry (Pa. I.D. No. 316881)
Maya C. Bradley (Pa. I.D. No. 334251)
Union Trust Building
501 Grant Street, Suite 850
Pittsburgh, PA 15219
Phone: (412) 932-2800
Shawna.Henry@blankrome.com
Kevin.Eddy@blankrome.com
Maya.Bradley@BlankRome.com

*Attorneys for*
*Plaintiff SAE International*