# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAE INTERNATIONAL,<br><br>                Plaintiff,<br><br>v.<br><br>INTERNATIONAL AEROSPACE<br>QUALITY GROUP A.I.S.B.L.,<br><br>                Defendant. | Civil Action No. 2:25-cv-00268 |

**PLAINTIFF SAE INTERNATIONAL'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT INTERNATIONAL
AEROSPACE QUALITY GROUP A.I.S.B.L.**

Plaintiff SAE International ("SAE"), by and through its undersigned counsel, hereby requests that Defendant International Aerospace Quality Group A.I.S.B.L. ("IAQG") respond to the following Requests for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure and within the time permitted by those Rules or any Order of Court expediting discovery in this matter.

**DEFINITIONS**

1.      "**AATT**" means the IAQG Aerospace Auditor Transition Training, including, but not limited to, the IAQG New Auditor Development Process.

2.      "**Action**" means the above-captioned action, filed in the United States District Court for the Western District of Pennsylvania, entitled *SAE International v. International Aerospace Quality Group A.I.S.B.L.*, Civil Action No. 2:25-cv-00268.

3.      "**Agreement**" means the International Standards Development, License, and Publication Agreement between SAE and IAQG, dated May 12, 2022.

4. "**Auditor Authentication Body**" or "**AAB**" means any organization recognized by IAQG to certify auditors in the aerospace industry.

5. "**Communication**" or "**communication**" means any document constituting, evidencing, memorializing, recording, summarizing, or transcribing any transmission or exchange of any information, whether written, oral, electronic, non-electronic, recorded, graphic, or in any other medium (whether formal or informal), and including, but not limited to, e-mail, and any and all attachments thereto, text messages, social media, instant messaging, including, but not limited to, SMS, WhatsApp, iMessage, WeChat, Signal, Slack, Teams, Telegram, direct messages, or postings via social media or similar communications.

6. "**Complaint**" means the verified complaint in the Action, filed in the United States District Court for the Western District of Pennsylvania on February 24, 2025.

7. "**Document**" or "**document**" is used herein in the broadest possible sense under the Federal Rules of Civil Procedure, including, but not limited to, all originals, non-identical copies, and drafts of any written, printed, handwritten, recorded, or graphic matter of any kind, however produced or reproduced, and regardless of where located. This includes any work paper, worksheet, ledger, analysis, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including, but not limited to, tape, cassette, disc, magnetic card, or recording. The term "document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto, and

copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

8. "**IAQG**" or "**Defendant**" or "**You**" or "**Your**" means International Aerospace Quality Group A.I.S.B.L., including its directors, officers, employees, agents, attorneys, legal representatives, heirs, assigns, or any person or entity acting on its behalf or serving in such capacity. This also encompasses its parents, subsidiaries, affiliates, predecessors, successors, and others who may have obtained information on behalf of the Defendant.

9. "**IAQG Authentication Program**" means any program being developed by IAQG to certify aerospace auditors, including all related components, standards, and documentation.

10. "**IAQG New Auditor Development Process**" means the component of the AATT designed for new third-party auditors, focusing on equipping them with the foundational skills and knowledge necessary to audit aerospace quality management systems according to SAE's Standards—AS9100, AS9110, and AS9120.

11. "**Notice Letter**" means the letter sent by SAE to IAQG on February 21, 2025.

12. "**Person**" includes individuals, corporations, partnerships, joint ventures, limited liability companies, governmental authorities, unincorporated organizations, trusts, associations, or any other forms of public, private, or legal entities, encompassing all principals, employees, agents, officers, directors, attorneys, consultants, and other representatives.

13. "**Probitas Program**" means the Probitas Authentication Program, developed and operated by SAE to certify aerospace auditors, including all related components, standards, and documentation.

14.     "**Relating to**" has a broad meaning that includes referring to, describing, evidencing, constituting, pertaining to, concerning, forming the basis of, or being involved in the subject matter discussed.

15.     "**SAE**" or "**Plaintiff**" means SAE International, including its directors, officers, employees, agents, attorneys, assigns, or any person or entity acting on its behalf or serving in such capacity. This also encompasses its parents, subsidiaries, affiliates, predecessors, and successors.

16.     "**Standards**" means the AS9100 suite of standards published by SAE, including, but not limited to, the AS9100, AS9101, AS9110, AS9120, AS9104/1, AS9104/2, and AS9104/3. These are often improperly referred to by IAQG without the "AS" prefix.

17.     The terms "**and**" and "**or**" are to be construed either conjunctively or disjunctively to include any and all combinations of one or more of the connected items.

18.     The terms "**each**," "**any**," and "**all**" are to be construed as comprehensively as possible, each encompassing the widest possible scope consistent with the context of the request.

19.     The use of the present tense of a verb shall include the past tense, and the use of the past tense shall include the present and future tenses, wherever the context may require.

20.     The use of the singular form shall be construed to include the plural of the same, and conversely, the use of the plural shall include the singular, wherever the context may require.

## INSTRUCTIONS

1.     For each request, state whether:

(a)     the production is made as requested, or specify with reasonable particularity the grounds for any objection to production;

(b)     any objections pertain to all or part of the request being challenged;

-4-

(c)    you are withholding any documents or categories of documents, and if so, specify which of the stated objection(s) forms the basis for your decision to withhold otherwise responsive documents or categories of documents.

2.    In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. Produce all documents known to you, or which can be located or discovered through diligent effort, including, but not limited to, all documents in the possession of you or your representatives, attorneys, or accountants, or accessible to you or your representatives, attorneys, or accountants.

3.    If your response is that documents are not under your control, identify who has control and the location of the documents.

4.    If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

(a)    identifying the document;

(b)    describing where the document is now;

(c)    identifying who has control of the document;

(d)    describing how the document was lost, destroyed, or transferred; and

(e)    identifying each person responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

5.    Pursuant to the Federal Rules of Civil Procedure, documents are to be produced as they are kept in the regular course of business, including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond with the categories requested herein.

6.    Electronically stored information (ESI) must be produced in a form consistent with the requirements of the Federal Rules of Civil Procedure, including document metadata where such metadata exists in the original document.

7.    ESI should be produced on appropriate electronic media that does not impose an undue burden or expense upon either party, and passwords should be provided for encrypted documents.

8.    Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety. All documents produced in response to these requests shall be in original and complete form, even if parts of the document may contain information not requested.

9.    If any document is withheld in whole or in part for any reason, including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or trade secret protection, set out separately with respect to each withheld document:

      (a)    the ground of privilege or protection claimed;

      (b)    every basis for the privilege or protection claimed;

      (c)    the type of document;

      (d)    the document's general subject matter;

      (e)    the document's date; and

      (f)    other information sufficient to enable a full assessment of the applicability of the privilege or protection claims.

10.    To the extent that you assert that a document contains both information that should be protected from disclosure (based on the attorney-client privilege, trial preparation privilege, work product doctrine, or another privilege or protection) and non-privileged information, the non-

privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "REDACTED [STATE BASIS FOR REDACTION]" on the document in an appropriate location that does not obscure the remaining text.

11.    These requests are continuing, and your responses must be promptly supplemented or amended when appropriate or necessary in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. You must provide any additional information that you, your attorneys, or anyone acting on your behalf may have or obtain between the time the answers are served and the time of trial.

## **DOCUMENTS REQUESTED**

1.    All Documents relating to the Agreement, including, but not limited to, all drafts, annotations with changes and dates, amendments, and related Communications.

2.    All transcripts, summaries, or records of meetings or discussions relating to the Agreement in which IAQG participated or that were provided to it.

3.    All Documents, including, but not limited to, any Communications, relating to the preparation, development, and anticipated launch of the IAQG Authentication Program, such as internal memoranda, meeting notes, agreements, job postings, press releases, marketing materials, announcements, project plans, and training materials.

4.    All written Communications with any AAB or third party regarding IAQG Authentication.

5.    All Documents, including, but not limited to, any Communications made to any AAB, regarding the transfer of any intellectual property or contractual right to IAQG.

6.      All Documents referring or related to any aspect of the IAQG Authentication Program's rights and/or ability to authenticate auditors, whether currently or in the future.

7.      All business and financial plans and records relating to the revenue, margin, costs, and funding of the IAQG Authentication Program, including, but not limited to, budgets, invoices, and financial statements.

8.      All Documents relating to the standards and procedures used in the IAQG Authentication Program, including, but not limited to, SAE's specific Standards.

9.      All minutes from any IAQG meetings where the IAQG Authentication Program was discussed, including, but not limited to, those held by sub-bodies such as the General Assembly, Executive Committee, Communications, Operations Council, Operating Management System, Finance, Improvement Strategy, Requirements, Certification Oversight, and Relationship Growth Strategy, including any resolutions or decisions made.

10.     All Communications relating to any potential partnership or collaboration with SAE or any third party on auditor authentication, including, but not limited to, all proposals and Communications received.

11.     All Documents and Communications relating to the Notice Letter, including, but not limited to, drafts and responses.

12.     Any analyses, assessments, or reports assessing the impact of the IAQG Authentication Program on SAE, the Probitas Program, existing AABs, and the aerospace industry generally, including, but not limited to, market studies and impact analyses.

13.     All Documents detailing the technology and software used in the IAQG Authentication Program, including, but not limited to, change management processes and any assessments or reports relating to the impact of the IAQG Authentication Program.

14.     All agreements or letters of intent relating to the IAQG Authentication Program, including, but not limited to, drafts and final versions.

15.     All internal Communications within IAQG relating to the potential consolidation of AAB activities, capturing both the decision and the lead-up to the decision, including, but not limited to, emails, meeting notes, and preliminary discussions.

16.     Any assessments or analyses relating to the anticipated revenue of the IAQG Authentication Program, including, but not limited to, financial projections and business plans.

17.     All Documents relating to IAQG's plans for setting rates for the IAQG Authentication Program, including, but not limited to, pricing strategies and rate schedules.

18.     All materials used in the AATT courses within the IAQG Authentication Program, including, but not limited to, syllabi and training manuals.

19.     All Documents that You intend to use at hearings or the trial of this matter, including, but not limited to, exhibits and witness statements.

20.     All Documents relating to or that You referred to or relied upon when answering SAE's First Set of Interrogatories directed to You, including, but not limited to, notes and research materials.

21.     All Documents relating to or that You referred to or relied upon when answering SAE's First Set of Requests for Admission directed to You, including, but not limited to, supporting evidence and correspondence.

Dated: March 17, 2025

/s/ Shawna J. Henry
**BLANK ROME LLP**
Kevin M. Eddy (Pa. I.D. No. 92904)
Shawna J. Henry (Pa. I.D. No. 316881)
Maya C. Bradley (Pa. I.D. No. 334251)
Union Trust Building
501 Grant Street, Suite 850
Pittsburgh, PA 15219

-9-

-10-

Phone: (412) 932-2800
Shawna.Henry@blankrome.com
Kevin.Eddy@blankrome.com
Maya.Bradley@BlankRome.com


*Attorneys for*
*Plaintiff SAE International*